Good morning, Your Honor. This is Francis Patrick Murphy for the appellant. Good morning. Michael Borders on behalf of the appellees. Good morning. My co-counsel are present in court. I'm going to do the oral argument, but in the event there are questions that are unique to one of the other co-defendants, you're prepared to respond to those. That's fine, Mr. Borders. Whenever you're ready to proceed, counsel. Good morning. May it please the Court. First, I'd like to apologize for the confusion with the jurisdiction. It was my agreement with counsel for the capses that they should have been included with the motion to dismiss. I failed to advise Judge Larson that they were included, so I apologize for that. So, apology is one thing, but... I'm sorry, what? Apology is really not the answer. Jurisdiction is kind of black and white, right? I agree. But the agreement was that they were not going to file an appearance and they would be joined in on any motion to dismiss against me. That was the agreement. Well, how does that work? This is not on the record, and even if it was on the record, what does that have to do with jurisdiction? Well, then I think... Can you agree? Pardon me? I'm not sure what you're trying to say. Can you agree to waive jurisdiction? What are you talking about? I think what I'm trying to convey is that this should be heard under 303, not 304. There was no 304A language. Correct, that this is a final... Why is it a final judgment? Because... Who was named... Correct. And was not dismissed. Therefore, not all the issues at all the parties have been resolved in this case. I believe... It's not a final judgment. As I submitted in my supplemental brief at the request of the court, since the agreement was that they would have been included, I believe that that's why this is a final judgment as to them. Do you have any cases that say that parties can agree to make something final that's not final? I do not. The position that I have taken before Judge Larson and before Your Honors is that the Charles v. Siegfried case has always stood for the proposition that there is no social host responsibility until the legislature acted. I believe with the enactment of the Drug and Alcohol Impaired Minor Responsibility Act, the legislature has indicated it wants social host responsibility as it pertains to minors. I believe the literal application of that act results in an absurdity and that the act is ambiguous. Because it results in an absurdity and it's ambiguous, I believe that you have the power to disregard, to modify, or alter and supply language to reconcile the intent of the legislature. Can I ask you another hard question? Absolutely. Can I ask you what the issue is in this case? You seem to have said maybe three different things. And I'd like to know what the issue is. We have to write this opinion. When you read opinions, there's usually this paragraph. The issue is. I want to know what the issue is. Is the issue that we should give effect to the legislative intent of the statute? Is the issue, or is it a different issue? Is the issue that the act says what it says and we should supplement it? Or is the issue that we should create a new cause of action? Now, I've tried to go through your briefs and your arguments here to say what is the issue. You seem to make those the three different issues. Correct. Just tell me, what is the issue in this case? I believe it's the second one. And, unfortunately, this argument. So when you say the second one, if we look at the statute itself, it's pretty plain language. It's not ambiguous. It says what it says. Are you agreeing with that? I am not. Okay. And here's your reason why. If you look at 5B, I believe that there are two causes of action. One is for a person or the surviving spouse who is injured by an impaired person under the age of 18, that those people have a right of action in their own name against a person. And then they go into little I and double I. It doesn't say a person over the age of 18. This statute itself doesn't say that the person who is responsible has to be 18 when he delivers the alcohol to the minor. It just says that he has to be 18 when he's responsible. I believe the ‑‑ So you're saying the statute is ambiguous. I am. Because then ‑‑ okay? Okay. So that's ‑‑ just hold it. What is the issue? Okay. The statute is ambiguous. Ambiguous and absurd. I think both of them give you the power to modify and alter and supply language to it. But if one person has a cause of action against a person who supplies alcohol and they are injured by the minor who is intoxicated, but the minor who is intoxicated has a cause of action, but only if it's supplied by a person over the 18, to me that's absurd. Have you made this argument before? As concise as that, no. And I understand that the doctrine of forfeiture applies to me, but not to the court. I have argued the absurdity of the statute in my briefs. So we've come up with a new argument, a fourth argument. We've identified three. We've come up with a fourth argument now? No, I just don't think that this is part of the third argument, the absurdity of the statute. Ambiguity. Ambiguity. Right. The result ends up, in my opinion, to be inabsurd. Because you get a cause of action where you have a person who is not 18, then you have a cause of action where you have a person who has to be 18. But it still doesn't say that he has to be 18 when he supplies the alcohol to the minor. So if you agree with that premise, then you have the power to strike 11 words, which would then, in my opinion, give the act. You have the power to strike the language from the statute? Yeah, I believe you do. And maybe I misread the case, but in the case of In Re Jill Arr, I believe the court said, we may disregard, modify, or supply language to give effect to the legislative design. And if the legislative design here is to protect minors from being supplied alcohol by other minors, then you have the right to excise those 11 words. Mr. Murphy, I have a more basic question. Why isn't this the legislature's job? Why is this something that the court, that you're asking an appellate court to do? It seems to me that this is a legislative action that you're asking us to take. And, you know, we can't, there's something called separation, you know, where the legislator does what it does, we do what we do, and the executive branch does what it does. Why is this our responsibility? It's your responsibility because I believe the court has to interpret the law. I'm not asking the court to create new law. I'm not asking the court to legislate. But I believe that once the law has been created by the legislature with its intent, when you interpret it, you can decide if the result is absurd, you can decide if it's ambiguous, and then if so, I believe the case law that I have read says that you do have the power to remedy a situation that was unintentional or as a result of bad writing. I know you don't agree with the result of the statutory interpretation, but tell me why you think it's absurd. I think it's absurd where the legislature wanted to protect minors from being supplied alcohol. When I read the legislative debate, that was the intent. It just talked about anybody who, a person, somebody, people who supplied alcohol to a minor could be held civilly responsible. That's what they wanted to create. Then this act comes out, and all of a sudden it says in some places that the person supplying the alcohol has to be 18. It doesn't say when he supplied the alcohol he had to be 18. It says that he is responsible when he is over the age of 18. So I think that that is ambiguous, and I think that the result was. Do you think it was an oversight? I mean, you kind of hinted at that in your brief. Do you think it was unintentional that the legislature just were a little loose in their use of language and they didn't really mean to limit it to this particular group, but by accident they did? I'm not sure if I understand. Well, when I read the debate, the debate was clear, that they were not talking about segregating a whole segment of minors supplying alcohol to minors. They were just talking about civil responsibility when somebody supplied alcohol to a minor. And then when the enactment came down, the 18 years of age filtered into it. I don't know if that was unintentional. I don't know if somebody said, well, we can't have people under 18 being held responsible because we all know that minors don't have the capacity to be sued, so we have to throw in 18. But when you look at the intent of the legislature, yes, it was either inadvertent or it was poor drafting. But I think it was a mistake. That wasn't the intent of the legislature. When the legislators debated this, you have quotations from Cullerton. There obviously were other legislators who spoke on this bill as well. What was the language of the bill they were debating? Was this language of over 18 in the language of the bill that they were debating? I do not believe it was, Your Honor. Are you sure? I mean, you seem to be saying that during the time the bill was introduced, there were no amendments. It said person. Everybody agreed it meant person. And then suddenly on third reading, or I'm not sure when, you think that suddenly it was changed. Can you show that to us in any way, where this language came from? I cannot. Or rather, was that the language of the bill that was under debate? Well, I apologize. I don't know that. Also, Mr. Murphy, you did say in the trial court that it was the intention of the plaintiff all along to create a new law, right? So when you're saying that you don't want us to create a new law, that's kind of the opposite of what you said in the trial court. Okay. I understand, and it has always been my knowledge, that since Charles, the courts, regardless of what level, would not create common law and social host responsibility and kept asking the legislature to act. I do believe that once the legislature did act and say we want social host responsibility, that yes, the shackles, so to speak, the restraint that came from the Supreme Court saying that we're not going to have social host responsibility, I argued, was now off. And that you could create common law and social host responsibility to supplement the legislature. That's what I argued in front of Judge Larson. But you're not arguing that to us today. You just said that's not what you're doing. It's a secondary argument, but I really believe by focusing on the statute and the ambiguity of the statute, I can achieve for minors and for my clients the same result without you having to go through the common law social host responsibility, which is a hot button in today's society. That is the essence of what I wanted to say. It's kind of like mercury, every time I grab it and I think I have it, it squirts away and I have to go back to it. Well, Mr. Murphy, that's how it kind of like that was like that for me, too, when I was reading the material. Every time I thought I had it and I knew what you were, what argument you were making, I thought, well, is that really the issue? As Judge Tice asked, it wasn't just making conversation, we really are struggling. What exactly is the issue that you're asking us to address? And I have to say that I can't say that I have my arms around it very tightly. Then I apologize and I'll try to make this concise. The issue I believe before you today, and I don't mean to offend the doctrine of forfeiture, because if I didn't argue this, this is what I'm arguing. That 58-1 is ambiguous, that you should modify, alter, supply language that would result in achieving the intention of the legislature, which would mean that any person, regardless of age who supplies alcohol to a minor, could be held civilly responsible. Now, right now, why is it ambiguous? The statute says, Section 5, the whole title of it, Responsibility of Person Who Supplies Alcohol, Liquor, or Illegal Drugs to a Person Under 18. Any person at least 18 years of age who willfully supplies alcohol, liquor, or illegal drugs to a person under 18 years of age and causes the impairment of such person shall be liable for the death or injuries to persons of property caused by the impairment of such person. Why is that ambiguous? This first paragraph is ambiguous to me because all of the children who were involved in this incident in August of 05... I'm not talking about the facts. I'm talking about the language, plain language. That's what we do, statutory interpretation. Plain language. Why is that ambiguous? I don't think so. And, again, I read it probably more broadly than your Honor that let's assume he supplied alcohol when he was 17 and I bring the cause of action when he was 18. This law would apply. And I think it's more ambiguous when you go to 5B, where it says, it talks about, in my reading, two causes of action. One for a person who is a surviving spouse who was injured by a person under 18 has a cause of action against any person, regardless of age. Then there's another cause of action for a person under 18 who is injured by the impairment that was caused by alcohol that was willfully supplied by a person over 18 has a cause of action against any person. I think that that's ambiguous. That's where the crux of my argument is today. All right? Okay. Any other questions that I may attempt to answer? Thank you very much. Mr. Borders. May it please the Court, Counsel, Michael Borders on behalf of the Appellees. I'm going to start with jurisdiction because I think it's a threshold issue, obviously, that the Court has raised and must be considered. The trial court's order dismissed... I had a question about one of the parties that you represent, who represented the mother. Which one am I asking? Go ahead. I'll find it. Okay. Judge Larson dismissed the complaint in its entirety, all counts, and the Katz defendants were included within the counts dismissed. So in my view, this Court has jurisdiction under 301, and that the Court's discussion and merit, as commented on in our reply brief, our supplemental brief, would stand that where there's a common allegations against the defendant, that the Court was within its authority to sui sponte, dismissed the claims against the non-movements. Is merit a respondeat superior case? It is. It is. I mean, obviously, this is not... This is not a respondeat superior case. This is more like the Dole case against the church. But I think that under 301, the Court has jurisdiction. The argument was these counts should be dismissed because these defendants are under 18, and the statute doesn't provide liability for them. That was one of the arguments raised. Another argument raised... That's what the Court ruled on. That's what the Court ruled on that threshold issue. And Mr. Katz is over 18. So that theory, that defense, the affirmative defense, wouldn't apply to him. That's true. The act could apply to him. But another argument made in the trial court, if he's over 18... The plaintiff's complaint in the count against the mother, oddly enough, alleged that he was an un-emancipated adult. Now, that allegation is inconsistent with the claim under the Parental Responsibility Act, which only applies to un-emancipated minors. But that is in the complaint. That's what the Court focused on in the request for supplemental briefing. That allegation is not in the complaint. It's allegations against Corey Katz. There is an additional argument made in the trial court, which was that the allegations of fact in the complaint did not support a cause of action under the act, even if it did apply, because there was no allegations that the defendants willfully supplied alcohol to the decedent. The Court did not reach that. This Court can search the entire record, however. And that argument was made, implies to Corey Katz as well. The only allegation against Corey Katz in paragraph 11 is that he contributed money and attended the party. No allegation that he actually supplied the alcohol to the minor. So the complaint, on its face, does not state a cause of action under the act, regardless of his age. And that was one of the arguments that was raised by the defendants? It was. What do you think about the argument that the agreement between the plaintiff and counsel for Katz somehow best sets with the jurisdiction? I'm not sure that I understand that argument very well. Well, I mean, either the trial court dismissed the claims against Corey Katz, or she did not, and the question is whether or not that can be waived. You know, there's no allegation of error in the trial court's dismissal of Corey Katz. That's not – but I know the Court takes the view that jurisdiction is not waivable. But the argument has not been raised. The Constitution gives us limited powers. The Supreme Court has instructed us that the two most important things that an appellate panel does is determine jurisdiction and forfeiture, people versus Smith. So we're going to look real closely at jurisdiction and forfeiture, because that's what the Supreme Court has told us are the two most important things for us to do. I think I've stated – Like the case or not, either we have it or we don't have it. I mean, I think we've stated our position in the supplemental briefing and the remarks I've made here. I mean, the alternative – you know, if the Court deems that there is no jurisdiction, this case goes back to Judge Larson. She enters a 304A finding, and we come right back up to this panel, and you can dispose of the case on its merits. It will delay the case for 90 days, 120 days, but it can be done. I don't think it's necessary under 301 and under the case law, but that's going to be, obviously, a threshold issue for the Court. I have a question. Patrick Zielinski, represented by – the same attorney who represents mother and son. Attorney, in this Court, the response brief doesn't state that it was filed on behalf of Patrick as well as his mother, who was Dorota Zielinski. In the signature block? I mean, if that was stated, that's an error, because his counsel is here, and he represents both the son and the mother. I'm told it doesn't say that, so I'm just – I want something – Since I signed – since I authored – the principle also of the brief, if there was an error made there, that was mine. Gentlemen, I think what we're trying to say is we take these things very seriously. We look at every claim and every party, and we do that on our own. We don't rely on the briefs. We look at the record, and we look at every single individual and every single claim. We don't just say, oh, it's all about the same. We take this seriously, and we assume the lawyers are going to take this seriously as well. Okay? Let's go ahead and do the rest of the argument. Mr. Murphy argued today an issue that he's never argued before, which was that the statute was ambiguous. That's not in his briefs. That issue – that argument has been waived, and I think it's patently almost frivolous if you look at the face of the statute in any event. In his opening brief, the appellant says the question – the issue presented is whether or not the court should create a common law cause of action against minors who willfully supply alcohol to other minors. In the reply brief, the plaintiff says he did not ask this court to create a common law cause of action. Rather, the plaintiff recognizes the General Assembly finally acted, and he simply requests this court recognize and give effect to the intent of the legislature. Even as I stand here today, it is unclear which counts of plaintiff's complaint the plaintiff claims the court erroneously dismissed. The plaintiff argued – the appellant argued that the act was imperfect and notwithstanding the act's plain limitation, the court should allow an exception to extend civil liability when a minor supplies alcohol to another minor. Now, it's not clear from the argument what standard of liability this court was being asked to judicially enact. A negligence standard is pled in counts 5 and 6, which simply alleges that the defendants were negligent in that they, quote, supplied alcoholic beverages to a minor? Or is the appellant asking the court to write out the legislative age limitation and create a common law cause of action under the terms of the legislative statute? I do not know. Well, that's what we were asking. What is the issue in this case? What's the issue in this case? You know, we deal in issues and legal theories, and that's how we have to write the opinion. So, you know, knowing what the issue is is really helpful. The – I mean, obviously, as the appellees, I struggle because I'm attempting to respond to an issue that's ill-defined. But the record is clear that the statute's language is plain and unambiguous that the legislature made a conscious decision to create civil liability only for legal adults, those 18 and over who supplied alcohol or drugs to persons under age 18. That decision may disappoint some individuals who think that the legislature should have created liability beyond age 18 for those under age 18 or to any person who supplied alcohol, but that was within the legislature's province to decide this social policy issue. They are the ones in the position to balance the various policy considerations that the Supreme Court has repeatedly indicated affect civil liability in the social host context. The decision made by the legislature was rational, and it was manifested in plain language. And as Justice East pointed out in the section B, there's no ambiguity. The act only imposes liability where someone willfully supplies alcohol when that person is 18 or older to a person under age 18. Do you have any sense of the legislative history? Questions I'm asking? I mean, counsel says that everybody during the debates was talking about this broad idea of persons, and then suddenly, out of the blue, when the governor signed it, it had this additional effect. I do not believe that the legislative history would support any argument that there was a mistake made in the language of this statute. There have been various versions of this statute proposed in numerous legislative sessions, and after the Supreme Court issued their opinion in the Wacolik case in the next legislative session, this bill was proposed and passed. I'm not aware of anything in the record or in the legislative history which would support any notion that this was simply a scrivener's error by the legislature. And frankly, when you think about it, why would it is completely rational for the legislature to make a decision to impose civil liability on those who the state recognizes to be legal adults age 18 and not create civil liability for those under age 18? That's a rational decision. Others may disagree with it. Some may think that it should have been only on people who are 21 and older, that the law says should understand drinking and have the power to buy drink, but they made the decision not to set the bar at 21 but to set it at 18. There is no basis in the law for this Court to simply write that out of the legislature, and the absurd principle doctrine has no application to the facts of this case. I think we need to look no further than this Court's own opinion in Airborne Express versus the Illinois Workers' Compensation Commission, where this Court stated, I think in an opinion offered by Justice Hoffman, that we are not at liberty by forced or subtle construction to alter the plain meaning of the words employed by the legislature. The legislature's words chosen in this Act are plain, and this Court simply has no authority to amend the statute or write out, I forget how many words Mr. Murphy said, eight or 11 words, to change the statute's intent and application. Unless the Court has further questions, that's all I had to say. Thank you. Ms. Murphy? Ms. Murphy, just to respond to Mr. Borders' argument, his point that although you're disappointed with the legislature and how they wrote the statute, isn't it their responsibility to draft legislation that addresses social policy for the citizens of Illinois, isn't it? The legislature's responsibility. Yes. And that's what the statute does. I mean, the statute essentially, the legislature drew a line in the sand. They said people under 18 aren't going to be responsible. Why can't they do that? Why is that not a part of the legislative prerogative, so to speak? I'm having trouble understanding your argument around why that is something that the legislature may not do, as you've argued. Why is that? It is the legislature's prerogative to draft the legislature. But when the same act has contradictions in it, I believe that that's where it's ambiguous. And I believe when I read 5B, there is a contradiction in that act. Okay, well, just assume for the moment that the statutory language is not ambiguous. And I will tell you, simply because someone reading a statute decides it's ambiguous, as you know, there's lots of case law that says that that's not the determinative factor as to whether or not that statute is ambiguous. So you believe it's ambiguous. Your opponents clearly do not. So assume for the moment that it's not ambiguous. What's wrong with the legislature drawing a line and saying over 18, yes, under 18, no? Isn't that their prerogative? Yes, it is. But I believe that the intent is to protect minors from being supplied alcohol illegally. By people over 18. By anybody. It doesn't make sense. This seems very basic. But I know that maybe people don't think legislatures are real smart. But couldn't they really easily have written that in if that's what they wanted to say? What you are saying is something that the legislature could have sent a cult and is a very smart man. Couldn't he very easily have written that in if that's what they wanted, to make it apply to every single person, even six-year-old children? And they could have written that in if they wanted to. And that's how I read his debate, is that it was for any person. And I apologize, Your Honor. I'm sorry, what? Did you read Angela, no, is that her name? Jake Harris? Her comments about grownups? Yes. I'd have to go back. What about her debate? She constructs this in terms of grownups supplying liquor. I remember that. You didn't put that in your brief. No, because I didn't hear that. She did say that. You didn't put this in your brief. But there's also legislative debate about this about grownups. I think that's what she calls them. Correct. So that suggests that the legislature had a full and robust discussion about this. And they decided that they were going to draw a line where on one side of the line would be the 18-year-olds and on one side of the line would be the people who are not 18-year-olds. So what's wrong with it? That's what I can't you're not hitting that cylinder for me. I need to get my arms around your argument. And I know you don't like the way the statute has unfolded because it certainly doesn't help your client. But we don't like lots of things. But as Justice Tice pointed out, we are a court of limited jurisdiction. So we may not like it either, but we can't just change the legislative language because you don't like it. I suppose where I'm having difficulty, Your Honor, is that the way I read this law, some of the time it applies to a person regardless of age, and some of the time it applies only if the person is over 18. And that to me is what is absurd. If a person or the surviving spouse gets injured by an impaired minor, they have a cause of action against any person. There's no 18 in there. So the legislature is saying we want this civil responsibility for this cause of action. Then they turn around and they create another cause of action that says if the impaired minor himself gets injured, he has a cause of action. But only against a person over 18. That to me is where I have a problem with this Act. And I'm back to somewhere where I started about the issue in this case. Page 6, the white brief. Therefore, this Court should recognize a common law of cause of action against minors who willfully supply alcohol to other minors for the following reasons. All right, you're telling us. This is what you want us to talk about in this opinion. The General Assembly intended the Responsibility Act to provide a cause of action against minors. And without a common law of cause of action, minors who are harmed as a result of being provided by alcohol have no civil remedy. Are those the two ideas you want us to talk about? Correct. And what I said today. Yeah, well, there's that, isn't there? Okay. So with that, I think I'll quit. Thank you very much for your time and courtesy. Mr. Murphy. Mr. Bordas, I assume that you're going to ask me to file something supplemental saying that you represent Patrick Zielinski or something. We have something on the record that this person is also being represented by whoever else is appearing before us representing the other parties. And it's not in there, so. The briefs are signed by counsel on behalf of the mother and the son. Okay. We'll look at it one more time. Your Honor, can I ask you a question? You mentioned a case talking about jurisdiction people versus something, and I didn't hear that. People versus Smith. People versus Smith. The Supreme Court is a criminal case. People versus Smith. The Supreme Court said the two most important tasks of an appellate court panel is to determine its own jurisdiction and to determine whether issues have been forfeited. Thank you. You know, they are our higher masters, so that's why we ask these questions, because it's very important to us to know whether or not there's jurisdiction. It's important to the Supreme Court that we're very attentive to that. Thank you. This matter will be taken under advisement. Thank you for sparing the argument.